United States District Court
Middle District of Florida
Jacksonville Division

**PATRICIA M. PARRISH,**

***Plaintiff,***

**v.** **NO. 3:25-cv-975-MMH-PDB**

**FORDPHILLIPS PROPERTIES, LLC, ETC.,**

***Defendants.***

---

# Order

In this order, the court decides Patricia Parrish's motion to disqualify one lawyer and require one defendant to obtain an independent lawyer who is neither a party nor a lawyer for another defendant. Doc. 38.

## I. Background

In 2021, Patricia and Brent Parrish married. Doc. 27 ¶ 1. To build their "dream home," they, along with Brent Parrish's construction company, entered into a loan agreement, a promissory note, a mortgage, and an assignment of rents. Doc. 27 ¶¶ 3, 24; Docs. 27-1 to 27-3. But a happily-ever-after was not to be. Rancorous divorce proceedings ensued, and the couple defaulted on the loan. Doc. 27 ¶¶ 4–5. In July 2025, the lender accelerated the debt and demanded payment in full. Doc. 27 ¶¶ 5, 27; Doc. 27-5.

This action is based on two letters. By letter dated August 5, 2025, on "Ford, Miller & Blake, P.A.," letterhead, P. Campbell Ford, Esquire, informed

Patricia Parrish that he had bought the note and mortgage from the lender, and he asked her to provide the deed to avoid foreclosure. Doc. 27 ¶ 28; Doc. 27-6. By letter dated August 20, 2025, on "Bernard & Schemer, P.A.," letterhead, Lawrence Bernard, Esquire, referenced the August 5 letter, informed the Parrishes that he represented FordPhillips Properties, L.L.C., and that FordPhillips Properties had bought the note and mortgage from the lender, and asked the Parrishes to provide the deed to avoid foreclosure. Doc. 27 ¶ 30; Doc. 27-7.

FordPhillips Properties is a limited liability company, with Ford as the sole member. Doc. 39 at 9. According to Patricia Parrish, the transaction between the lender and FordPhillips Properties was not at arm's length because FordPhillips Properties is Brent Parrish's residential landlord and Ford is Brent Parrish's business lawyer. Doc. 38 ¶ 4.

In this action, Patricia Parrish, through a 25-page, 89-paragraph complaint,[1] sues three entities and two people: FordPhillips Properties, the law firms whose names appear on the letterhead, and the lawyers who signed the letters. Doc. 27. She alleges that the August 5 and August 20 letters violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, and she brings one FDCPA claim against each defendant. Doc. 27. She alleges that the alleged violations directly and proximately

[1]"A pleading that states a claim for relief must contain" three things: (1) "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Despite the straightforward nature of the claims, Patricia Parrish's complaint is neither short nor plain.

caused her stress, anxiety, humiliation, severe mental anguish, and emotional distress.[2] Doc. 27 ¶¶ 35, 36.

Pending in state court is a recently filed foreclosure action by FordPhillips Properties against the Parrishes, Brent Parrish's construction company, and another company that may have some claim in the property. Doc. 34.

Undisputed facts in this action include that the August 5 letter was sent, that it says what it says, and that it failed to comply with the FDCPA. Doc. 39 at 3; *see also* Doc. 27 ¶¶ 11, 28 (complaint allegation); Doc. 32 ¶¶ 11, 28 (Ford and his law firm's admission). Disputed facts include whether the alleged FDCPA violations through the August 5 letter directly and proximately caused Patricia Parrish emotional distress and the like. Doc. 39 at 3–4. Disputed issues of law and fact include whether FordPhillips Properties is a "debt collector" subject to the FDCPA. *Id*. Dispositive motions are due in October 2026; the trial, if any, will occur in March 2027. Doc. 28.

Scott Gallagher with Smith, Gambrell & Russell, LLP, serves as the lead counsel for the defendants in this action. Doc. 12. He has signed the pleadings on their behalf, Docs. 22, 23, 31–33, and, along with a colleague at his law firm, represented the defendants at the case management conference, Doc. 26. Recently, Ford appeared as co-counsel for FordPhillips Properties,

---

[2]"By presenting to the court a pleading, … an attorney … certifies that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b)(3).

By signing the complaint, Patricia Parrish's lawyer certifies that evidence supports that the alleged FDCPA violations directly and proximately caused Patricia Parrish to suffer stress, anxiety, humiliation, severe mental anguish, and emotional distress. *See* Doc. 27 ¶¶ 35, 36 & p. 25.

himself, and his law firm. Doc. 37. Ford is an active member in good standing of The Florida Bar and this court's bar. *See* "Find a Lawyer" on The Florida Bar's website, https://www.floridabar.org/directories/find-mbr/, and the "Directory of Members of the Court's Bar" on the court's website, https://apps.flmd.uscourts.gov/attyadm/attyroll.htm.

Citing Local Rule 2.01(e) and Rule 4-3.7(a) of the Rules Regulating The Florida Bar, Patricia Parrish asks the court to disqualify Ford from representing anyone but himself in this action because he authored the August 5 letter and will be a necessary witness.[3] Doc. 38 ¶ 2 & p. 4. Citing a Florida Statute regarding a limited liability company, but nothing from the Rules Regulating The Florida Bar, she also asks the court to require FordPhillips Properties to obtain an independent lawyer who is neither a party nor a lawyer for another defendant because FordPhillips Properties is an independent legal entity with interests possibly adverse to Ford's and his law firm's. Doc. 38 at 7.

## II. Law

### *A. FDCPA*

The FDCPA creates a private cause of action against a debt collector who violates its provisions. 15 U.S.C. § 1692k(a). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed

[3]Patricia Parrish also wants Ford's law firm disqualified "from serving as counsel, co-counsel, or legal advisor to any Defendant in this action other than itself." Doc. 38 at 8. A law firm does not represent a client; a lawyer does. No other lawyer from that firm has entered an appearance in this action. This request is frivolous and is denied without further discussion.

or due or asserted to be owed or due another." *Id.* § 1692a(6); *see also* 12 C.F.R. § 1006.2(i) (expanding on the definition of "debt collector").

A debt collector who violates the FDCPA is liable to a person affected by the violation for damages "in an amount equal to the sum of … any actual damage sustained by such person as a result of such [violation and] … such additional damages as the court may allow, but not exceeding $1,000[.]"[4] 15 U.S.C. § 1692k(a)(1) & (a)(2)(A). "In determining the amount of liability in any action … the court shall consider, among other relevant factors … the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Id.* § 1692k(b)(1). The debt collector is also liable to that person for costs and a reasonable attorney's fee. *Id.* § 1692k(a)(3). If the court finds that the person sued in bad faith and to harass the defendant, "the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *Id.*

"The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt." *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992). "If Congress had intended such limitations, it could have used that terminology." *Id.* "Because Congress instead chose to write that additional damages would be limited to $1,000 per 'action,' … the plain language of [the statute] provides for maximum

[4]A debt collector may assert affirmative defenses, including good faith compliance with an advisory opinion of the Consumer Protection Bureau, 15 U.S.C. § 1692k(e), *see* 12 C.F.R. Pt. 1006, App. C; and unintentional conduct from a bona fide error despite procedures adapted to avoid the error, 15 U.S.C. § 1692k(c).

statutory damages of $1,000." *Id.* (internal quotation marks and quoted authority omitted).

No binding precedent appears to exist on whether a plaintiff may obtain damages for emotional distress under the FDCPA or what the plaintiff must prove to obtain those types of damages.[5] The Eleventh Circuit has stated that a plaintiff may obtain those types of damages, but the statement is in an unpublished, non-binding opinion and is unaccompanied by analysis, except for a citation to another opinion making the same statement without analysis. *See Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916–17 (11th Cir. 2011) (citing *Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1996), in which the court made the same statement in the context of a discussion about Congress's reasons for the FDCPA).

### *B. Self-Representation*

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

---

[5]A district court recently observed that, in the FDCPA context, "how to interpret the 'actual damage' language with respect to emotional distress is a controversial issue," and that some district courts are split on the issue, with some requiring a plaintiff to prove the intentional infliction of emotional distress as defined by state tort law and others requiring the establishment of significant harm. *See Spradlin v. Mandarich L. Grp., LLP*, No. 2:23-C-JCM, 2026 WL 608898, at *3–4 (D. Nev. Mar. 4, 2026) (quoted authority omitted).

### *C. Standards of Professionalism*

"[L]awyers are essential to the primary governmental function of administering justice, and have historically been officers of the courts." *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975) (internal quotation marks omitted). A court thus has the "power and responsibility" to regulate the conduct of lawyers practicing before the court. *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979). In federal court, the court's local rules and federal common law govern a lawyer's disqualification. *See, e.g.*, *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006).

Local Rule 2.01(e) provides, "A lawyer appearing in the Middle District must remain familiar with, and is bound by, the rules governing the professional conduct of a member of The Florida Bar." With one exception inapplicable here, Local Rule 1.01(b) authorizes the court to "modify or suspend the application of any rule" if "reasonably necessary to achieve the purpose of these rules," which, under Rule 1.01(a), is to "advance efficiency, consistency, convenience, and other interests of justice." Relatedly, Rule 1 of the Federal Rules of Civil Procedure reflects the goal of a "just, speedy, and inexpensive determination of every action and proceeding."

A lawyer acting as both an advocate and a witness may cause prejudice, confusion, and a conflict of interest. Thus, under Rule 4-3.7(a) of the Rules Regulating The Florida Bar, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client" unless "the testimony relates to an uncontested issue"; "the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony"; "the testimony relates to the nature and value of legal services rendered in the

case"; or "disqualification of the lawyer would work substantial hardship on the client." "The key words here are 'at a trial.'" *Columbo v. Puig*, 745 So. 2d 1106, 1107 (Fla. 3d DCA 1999).

The party moving for disqualification has the burden of establishing that disqualification is warranted. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). If a court bases disqualification on an ethical violation, "the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). Instead, the court must identify a rule and find the lawyer violated it. *Id.*

Because a litigant is presumptively entitled to counsel of its choosing, only a compelling reason will justify disqualification. *In re BellSouth*, 334 F.3d at 961. And because disqualification can bring substantial hardship to a client, a court should impose the sanction "sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). Moreover, because a party may use a disqualification motion to harass or to gain a tactical advantage, a court should view such a motion with caution. *See, e.g.*, *Herrmann*, 199 F. App'x at 752; *see also* R. Regulating Fla. Bar 4-1.7 cmt. conflict charged by an opposing party ("Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment.").

In the Middle District of Florida, Florida Supreme Court decisions interpreting the Rules Regulating The Florida Bar are highly persuasive but not dispositive "because this court must retain the right to interpret and apply the rules in a federal setting." *Bochese v. Town of Ponce Inlet*, 267 F. Supp. 2d 1240, 1243 (M.D. Fla. 2003) (internal quotation marks and quoted authority omitted). Accordingly, a violation of an ethics rule does not require

disqualification. *See, e.g.*, *Prudential Ins. Co. of Am. v. Anodyne, Inc.*, 365 F. Supp. 2d 1232, 1236 (S.D. Fla. 2005). Instead, a "court should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel." *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976); *see also Young v. Achenbauch*, 136 So. 3d 575, 581 (Fla. 2014) (recognizing that federal courts undertake a balancing approach when deciding whether to disqualify lawyers appearing before them).

## III. Analysis

Patricia Parrish neither satisfies her burden of establishing that Ford's disqualification is warranted nor provides a satisfactory reason for requiring FordPhillips Properties to obtain an independent lawyer who is neither a party nor a lawyer for another defendant. The court emphasizes three strong considerations, beyond that ordering the requested relief would be unusual. First, the trial is not scheduled until next year, and any possible confusion caused by Ford's appearance as both a lawyer and a witness can be addressed at the final pretrial conference, when trial witnesses and exhibits are known, and factual disputes are pared down. *See* Doc. 28. Second, Gallagher is lead counsel for Ford and the other defendants and has been acting as such. *See* Doc. 26. Third, requiring yet another lawyer, to add to the five who have already appeared, is unwarranted, especially considering that the action involves only a small amount of statutory damages and that actual damages may be hard to prove under the circumstances.

## IV. Conclusion

Patricia Parrish's motion, Doc. 38, is **denied**.

**Ordered** in Jacksonville, Florida, on July 22, 2026.

Patricia D. Barksdale

Patricia D. Barksdale
*United States Magistrate Judge*